**WALLING, Administrator of Wage and Hour Division, U. S. Dept. of Labor, v. WM. SCHOLLHORN CO.**

No. 1008.

District Court, D. Connecticut.

March 23, 1944.

Irving Rozen, Regional Atty., U. S. Dept. of Labor, of New York City, for plaintiff.

Herbert C. Smythe, of New York City (now deceased), by Herbert C. Smythe, Jr. (of Wellman, Smythe, Lowenstein & Fennelly) of New York City, for defendant.

SMITH, District Judge.

The question for decision in this case is the interpretation of the overtime section of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §201 et seq., specifically, the meaning of "regular rate" in Section 7(a) of the Act, 29 U.S.C.A. § 207(a), which provides that an employee may not be employed for a workweek longer than forty hours unless the employee receives compensation for his employment in excess of forty hours "at a rate not less than one and one half times the regular rate at which he is employed." The contract between the employer in this case and the union of its employees entered into September 15, 1942, includes the following provision:

"Section 2, Article IX. A five cent (5¢) per hour bonus shall be granted to employees regularly assigned to a work shift where the schedule for such shift requires work after 8:00 o'clock, P. M., or before 6:00 o'clock, A. M."

In arriving at the overtime pay of its employees, the company has considered

the regular rate for those on the night shift as not including the five cents per hour payment paid to its night shift employees under this provision of the union contract. It is the contention of the Wage and Hour Administrator that the five cent payment denominated in the contract as a "bonus" for night shift work is part of the regular rate of pay of employees on the night shift, and should be included in the basis of computation of overtime pay for work in excess of forty hours per week on the night shift as part of the regular rate of pay.

It appears that the employer has included the night shift bonus in its returns of compensation paid its employees for the purpose of the Victory Tax, both taxes under the Social Security Act, 42 U.S.C.A. § 301 et seq., information returns on its employees' income, and expenses of production in its own corporate income tax return. It was also included in the amount stated on its pay envelopes as gross pay before Victory Tax and bond purchase deductions.

The corporation did not include the night bonus or overtime pay in its returns to its insurer under the Workmen's Compensation Act. On its books, it was distinguished by entry in a different color (red ink), and its accountant was familiar with the National War Labor Board Form 10, which instructed that, in an application for approval of a voluntary wage or salary rate adjustment, an employer should not "include bonus payments that are not part of regular earnings. For example, bonus payments for second or third shift work should not be included".

Defendant contends that the additional payment for night shift work is in the nature of a gratuity, solely for the benefit of employees who work on the more inconvenient nighttime shifts, that it is not an incentive payment nor a payment for increased production or other benefit to the employer.

Yet, it appears that, in this case, whatever the parties call the extra pay for night shift work, it is not a bonus or gratuity in the sense of being more than is strictly due to the recipients for work done during those hours. The recipients are legally entitled to the extra pay for work during those hours under their union wage-scale contract, and it is not, therefore, a gift to the employee even if it be conceded that work under a contract at a time admittedly more detrimental to the employee than day shift work is not a benefit to the employer.

This circumstance carries greater weight than the use by the parties of the term "bonus" in describing the night shift payment for which they contracted, and the treatment of the payment for other purposes by another department of government.

I hold, therefore, that the differential payment of five cents per hour for night shift work, paid to the employees under the union wage contract, is a part of the regular rate at which the night shift employees are employed within the meaning of Section 7(a) of the Fair Labor Standards Act, and night shift overtime must be figured at one and one-half times a rate which includes the five cents per hour bonus. See Cabunac et al. v. National Terminals Corp., 7 Cir., 1944, 139 F.2d 853.

Judgment may be entered for the plaintiff. Form of judgment may be submitted by agreement, or upon ten days' notice.